May it please the Court, I am Danny Williams. I'm the attorney for the appellants, Sparkman Learning Center and Jesse Carter. I would like to reserve ten minutes for rebuttal. Your Honor, I believe that the issues have been presented to the Court fairly and straightforward in the briefs. We don't have a whole lot to add. We have tried to be straightforward with what the issues are and not hide the issues in any way. Very briefly, we're asking the Court to make a de novo determination in this case that Sparkman Learning Center and Jesse Carter should not have been precluded from pursuing the issues raised in their complaint and their First Amendment complaint. This case is somewhat compelling because Sparkman has been put in this position because of the way Arkansas's administrative and judicial scheme is set up. A major part of the dismissal of this case from the District Court was based on the fact that these parties had a fair opportunity to litigate all of their claims at the agency level and at the judicial level. And the way Arkansas's scheme is set up, I think it's been demonstrated in the brief that that is not the case. Which specific claims are you focusing on? Are you focusing on all of the claims or are the claims related to the first hearing? All claims. We believe that evidence of the first hearing should have been included in the District Court proceedings. From what I can tell, I did not try the case in the District Court. The District Court, in its opinion, only discussed the second administrative hearing. And the reason for that is that hearing was terminated administratively, although there was an attempt to appeal to the Pulaski County Circuit Court and ultimately to the Arkansas Court of Appeals. That case was dismissed based on the appellee's motions to dismiss. There was never a decision on the merit. No court has ever looked at that hearing or what the implication of that hearing was. The second hearing or the first hearing? The first hearing. So at what point did Sparkman try to appeal the first hearing? Immediately. Immediately. At the point that Sparkman felt that it was denied due process and equal protection in the first administrative hearing, they filed a timely appeal to the Pulaski County Circuit Court. DHS filed a motion to dismiss that appeal based on the fact that they wanted to do it again. But is that the same time frame that you're talking about? The remand for the second hearing? Is that the glitch that we're talking about? Because the court remanded it and then the second hearing occurred? Is that why the first hearing never got remanded over Sparkman's objection and the fact that Sparkman had appealed it to the Arkansas Court of Appeals? I don't think they had the power to remand it. Well, there was an appeal to the Arkansas Court of Appeals and it was not decided on the merit either based on DHS's representation to the court that they were going to do it over. There's no precedent in the law for that type of proceeding, but that's, from what I can tell, the paper trail, that's what happened. At some point they decided we want to do it over and for some reason, maybe because of the deference that's given to agencies under the state's administrative and the Administrative Procedure Act, I think that, I don't know how to characterize it, but that's what happened. In a broad sense, how would you, what is it your relief you're asking? My concern is the federal issue, that we're involving ourselves in the Arkansas Administrative Procedures and actual court decisions when we're supposed to give them full faith and credit and how could we give you relief now? I mean, what are your basis and your theories that get around that federalism issue? How we got here in the first place, Judge, is the answer. Immediately when Sparkman determined, or began to understand that they were not going to get a judicial complaint in the United States District Court, raising that particular issue, every issue related to that glitch, as we call it, was the basis of that first judicial complaint in the United States District Court. But then the District Court stayed everything and let Arkansas resolve it. Now once Arkansas has resolved it, why isn't that... I think they gave Arkansas the opportunity to resolve it and Arkansas did not do that. I don't... If you take the opinions, the written opinions of United States District Court judge in the first instance and in the second instance, Judge Barnes and Judge Hickey, it clearly says on the face that the only reason that we're not hearing the merits of this case is because the Arkansas Court of Appeals has decided the merits of the case. If you look at the opinion of the Arkansas Court of Appeals, it becomes clear they did not decide the merits of the case. They never heard the first administrative appeal at all. So they never considered that. I think part of that is that there were issues that you could have raised in Arkansas and you didn't. So there's issue preclusion, I think, is what the argument is, like your equal protection argument, for example. Why is that not valid to say that you had an opportunity to raise these issues but did not? I think because the issues were raised. The issues were not addressed. It was not decided on the merits, is the answer. There's no way we can go back and look and see what's in the Court of Appeals mind. That was decided in a memorandum opinion. We're remanding this thing. The only thing we have to go on are the arguments that were made to the court. And the arguments that were made by DHS was, we don't want anybody to see this. We want to do it over. So it was done over. In the process of doing it over, Sparkman Learning Center still did not have the opportunity to do discovery, which is something that is required in the Constitution in the United States District Court. The constitutional issues that were presented in the second administrative appeal that was pursued all the way through the Arkansas Court of Appeals were not necessary to the decision of the Arkansas Court of Appeals. It's another reason issue preclusion should not apply. Absolutely was not necessary. Under decided law for 100 years, the Arkansas Court of Appeals only looks at the evidence to support the verdict of the agency. They do not weigh competing evidence. They do not even consider evidence on the other side. I don't think there's any question about that. I don't know if it's ever come before the court, but now it's squarely before this court. This is not just about Sparkman Learning Center. I would like the court to also very, very seriously consider the fact that neither the Pulaski County Circuit Court nor the Arkansas Court of Appeals just dismissed these appeals sui sponte. DHS filed motions and were the procedural defects that were alleged from the first DHS hearing. Were those raised in front of the Pulaski County Circuit Court? They were. They were. The Pulaski County Circuit Court at the time those were raised was also presented with a motion to dismiss by DHS. The court granted that motion on the same day before Sparkman Learning Center had a chance to respond. That's what led to the first appeal to Arkansas Court of Appeals. But when you got a second administrative hearing, what would be the effect of having the second administrative hearing essentially in replacement of the first? Did that cure or overcome the deficiencies? Judge, if I personally was Sparkman Learning Center and I had a favorable proceeding terminated while I was winning, I would think that the court in the position of having to bear the financial expense of two hearings. There's no other litigant who has had to go back in front of the gauntlet after already having presented their case without the benefit of discovery. It didn't cure it. Definitely did not give them an opportunity to present or prove their case in the United States District Court. That's a state administrative proceeding. The subject to the administrative proceeding, Arkansas Administrative Procedure Act and the judicial and administrative. The first one was absolutely defective. Well, then wouldn't the remedy have been a second one? No, I think the remedy would have been, well, there was, my clients did nothing to it. I think a court would be able to consider the method and manner of that hearing as evidence of arbitrary and capricious action toward the litigants. Nobody else had to go through that. During your rebuttal time, you can see that there was a  confusion. I'm Mark White, counsel for the Arkansas Department of Human Services. The ultimate question today is whether the appellants, despite having two administrative hearings with two different deciding officials and multiple days of litigation, whether or not appellants were afforded a full and fair opportunity to litigate their due process and equal protection claims against the department. The record and Arkansas law show that appellants actually litigated their due process claims and that they had the ability and opportunity to litigate their equal protection claims. Well, I hear him saying that he may have had a lot of process, but nobody got to the merits. Did anybody get to the merits of his claim? Yes, Your Honor. The merits of the due process claim were considered and decided by the Arkansas Court of Appeals in the second appeal. The Court of Appeals expressly said that was the issue they were considering. They said there was no evidence of the irregularities that were occurring. That was the second hearing, so that would apply to both. They would have had the opportunity to raise issues on both hearings. I did not represent, was not involved at that stage, so I don't know exactly what took place in the hearing that would have occurred at the State Circuit Court, but they certainly had the opportunity to raise the issues of both hearings in that proceeding. Was there a decision on the merits on the first hearing? No, ma'am. On the first hearing, if I can, let me just walk you through the timeline, because I think that's helpful to understand. And you're saying it's because it wasn't raised? Yes, ma'am. Here we go. The appellants, they filed their petition for review of that first hearing on July 7, 2006, and they asked the court to allow them to present additional evidence that is material to the issue of racial animosity and was apparent from the record. Now, let me interject. Under the Arkansas Administrative Procedure Act, additional evidence can be presented at the circuit court level only if, number one, there is good cause for not admitting it at the administrative level, or, number two, if there is an irregularity that is not  Now, on July 5, 2006, a week later, the department asked the circuit court to remand the case back to the department for a second hearing, and then it was five months later that the circuit court entered its remand order directing the department to conduct a second hearing with an independent administrative law judge. So the appellants, they had five months there. They could have objected to that remand request, and they did not do so. Even after the court entered that remand order, appellants filed a motion to set that order aside. They filed an appeal to the Court of Appeals. The circuit court denied the motion to set aside. The Court of Appeals dismissed their appeal. Now, the equal protection claim, is it your position that that was maybe not raised, but it could have been raised? Yes, Your Honor. Or it's precluded? Why do you say it could have been raised? Because under the Arkansas Administrative Procedure Act, you know, appellants have focused on the substantial evidence issue, and that's one of six bases on which a reviewing court can reverse an administrative decision under the APA. The other five is they can reverse a decision if it's in violation of constitutional provisions, which includes both the due process and the equal protection clauses. If the decision was in excess of the agency's statutory authority, if it was made upon unlawful procedure, which again I think would touch on the due process issue, if it was affected by other error of law, which again would include both of those, and lastly, if the decision is arbitrary, capricious, or characterized by abuse of discretion. And we would submit that the racial discrimination which appellants are alleging, that would almost by definition be an arbitrary and capricious act and an abuse of discretion. So you have multiple ways under the APA that they can fit that equal protection claim in and make that claim in the case. Under Arkansas law, race judicata bars relitigation of a claim adjudicated by final judgment on the merits, a claim based on the same events as the prior action, as well as a claim that could have been litigated in the prior action. The district court made a detailed application of those race judicata factors in its decision. So far as I can tell, the only factor that's in dispute in this appeal is whether or not the appellants could have litigated those constitutional claims in the state proceedings. And so on that point, let me point out that when the district court abstained back in 2007, in that decision, the district court explicitly said that appellants had an adequate opportunity in the state administrative proceeding to raise these constitutional claims. What the court wrote was plaintiffs must at least attempt to raise the federal claims in state court before this court will consider its argument that it is impossible to do so. I know appellants are arguing that for some reason they can't under the APA, but there's clear Arkansas law that a constitutional challenge may be and in fact must be raised at the administrative level, cannot be reviewed on appeal if it's not raised at the administrative level. Let me ask you this. Sometimes crazy things pop in my head. But I had litigated something like this under Nebraska administrative procedure and is it in Arkansas, is it if you don't raise the constitutional claim in the first instance, it's waived and so that you can't raise it on later proceedings or any appeals? Unless you're alleging something about the proceeding itself. If you do not raise it at the administrative level, it cannot be raised on judicial review in the circuit court or the court of appeals or Supreme Court. In this case, they could have raised it in that second administrative hearing because at that point that was a fresh start. They were back at the administrative level. They could have raised the due process claim, the legal protection claim or really anything else they wanted to because the APA in Arkansas is very broad on what you can introduce and what issues you can raise. Do you have any authority for that? Is it in your brief or anything? I would point to the Administrative Procedure Act text. Let me find it. It's Arkansas Code 25-15-208. It says that the hearing officer at the administrative level must afford all parties the opportunity to respond and present evidence and argument on all issues involved. I'm not aware of any authority in Arkansas which says that if you do not raise it in an administrative hearing the first time, that you're subsequently barred from raising it on a remand in a second administrative hearing. As I mentioned, the due process claim was raised. It was argued. The court of appeals ruled on the due process claim. To the extent that some element of the due process claim was not raised, it could have been raised. The legal protection claim could have been raised and litigated. For that fact, it should be barred by res judicata. If I can, let me address just a couple of points which counsel made. Their assertion that they were prevented from pursuing the first appeal through no fault of their own. I mentioned the timeline. They had every opportunity to object to that remand. They in fact did object to that remand with a motion to set aside as well as the appeal of the court of appeals. And they lost that. But they did have that opportunity to object to the remand. The remand did occur before they filed the appeal of the court of appeals. Counsel indicated there's no procedure for remand. In fact, the Administrative Procedure Act explicitly allows the reviewing court to remand the case for further proceedings at the administrative level. And the APA does not place any limit on what could be considered on remand. What was the rationale for the remand? The rationale was the unusual circumstances involved, where you had a case that concerned racial discrimination or there were allegations of racial discrimination. It was heard by an administrative law judge who resigned before writing the opinion, who said he was resigning because of racial discrimination issues, although there's nothing that I can find in the record where that judge directly tied his resignation to this specific case. But you still had those parallel racial discrimination issues. And in light of that, I think the Department thought that to avoid any appearance of impropriety, as well as to avoid the cost and time of going through the appeal process, that it would simply be better for everyone involved to conduct a second hearing. Thank you. I also wanted to mention that the District Court did discuss the first administrative hearing. It was mentioned in the Court's opinion. The Court acknowledged that that remand was suggested and volunteered to by DHS. Another point. The Council said that the Court of Appeals does not consider evidence on the other side, and that's simply not the case. Under Arkansas law, there is a substantial evidence standard of review for questions of fact. However, questions of law are reviewed de novo. And although the Court does afford deference to the agency's interpretation of its own rules or of statutes which the agency is charged to enforce, there is no deference given to the agency in its interpretation of constitutional provisions. So, in this case, appellants had every opportunity to make their constitutional claims, and the agency was not entitled to deference on those claims. And the last point I wanted to address is what the appellants wanted from that first hearing, because they say it was defective. And so, in response, the Department agreed to remand in a second hearing with an independent hearing officer who was not an employee of the Department, someone who, after many questions from Appellants Council, Appellants Council said he was satisfied that this individual was a qualified hearing officer and was not an employee of the Department. I don't see how they can, I don't see what additional remedy they would have expected. Because either it was go forward to that first proceeding, which they lost, or remand. And I don't understand what they would have expected otherwise. In any event, the first hearing is now nullity. It was not considered by the second hearing officer. There is no deference or new hearing. A fresh look at this. A second bite at the apple, so to speak, for appellants. And what appellants are asking for today is essentially a third bite at the apple. And we would ask you not to give them that. Unless there are any questions, that concludes my remarks. Thank you, Mr. White. Mr. Williams, you have three and a half minutes in rebuttal. On his favor, briefly, I would sincerely invite the court to review the second administrative decision as well as any parts of the transcript that has been supplied by DHS. Because in that hearing, the tribunal specifically refused to hear anything related to the first hearing. So that was not an option as far as pursuing that any further. That was foreclosed. The issue of whether or not Ms. Patricia Whitaker, who is a former director of Sparkman Learning Center, was a disqualified principal in the first place is something that the administrative agency would not consider at the first administrative hearing or the second. These are things that are absolutely essential to a case in the United States District Court. So you're saying before either administrative tribunal, the central issue of the case was never addressed as to whether there was a qualified person involved? Yes, sir. Nones are qualified. And did they explain why? Is that transcript in our record? It is. And the specific comment is beyond the scope of this hearing. That's as far as an explanation as there was. DHS has made a lot of argument about why Sparkman wants to pursue anything related to the first hearing. I think a better question would be why they did not want Sparkman to do that. Sparkman Learning Center did everything possible under the sun to preserve its rights and to pursue its rights to an appeal and to have those facts heard in a court of law. DHS should be stopped from even making that type of argument because it's in black and white. They pretty much short circuited that. They asked the court to dismiss the case. They asked the District Court and the Arkansas Court of Appeals to dismiss the case. Once that was done, DHS now wants to come back and use what was initially used as a shield as a sword. I don't think the court should really countenance that. The only reason this case ended up in the United States District Court in the first place was because the wholesale and absolute denial of legal protection and due process in the state courts. That's been proven. I just ask the court not to turn a deaf ear to it. Not to let them get away with it. I would welcome any other questions. Okay. Thank you Mr. Williams. Thank you. We appreciate your arguments both sides. We will be back to you in due course. Thank you very much.